Patrick G. Byrne, Esq.
Nevada Bar No. 7636
Richard C. Gordon, Esq.
Nevada Bar No. 9036
Paul Swenson Prior, Esq.
Nevada Bar No. 9324
Christian P. Ogata, Esq.
Nevada Bar No. 15612
**SNELL & WILMER L.L.P.**
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5252
Email: pbyrne@swlaw.com
        rgordon@swlaw.com
        sprior@swlaw.com
        cogata@swlaw.com

*Attorneys for Defendants City of Henderson, Richard Derrick, Bristol Ellington, Nicholas Vaskov, and Kristina Escamilla Gilmore*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATESHA WATSON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HENDERSON et al., <br><br> Defendants | Case No.: 2:20-cv-01761-APG-BNW <br><br> **[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Plaintiff LaTesha Watson and Defendants City of Henderson, Richard Derrick, Bristol Ellington, Nicholas Vaskov, Kristina Gilmore, Kenneth Kerby, Kevin Abernathy, and Richard McCann (collectively the "Parties" and each individually a "Party"), stipulate, upon approval by this Court, that this protective order shall govern the handling and disclosure of all documents, testimony, or other information produced or given in this case (the "Litigation") that is designated as subject to this order and its terms.

A.   **Definitions**

1. A "**Producing Party**" is any Party or non-party that produces or discloses confidential documents, materials, items, or other information under the terms if this protective order.

2. A "**Receiving Party**" is any Party or non-party that receives or is given access to confidential documents, materials, items, or other information under the terms of this protective order.

3. "**Discovery Material**" refers to all items or information, regardless of the medium or manner generated, stored, or maintained, including documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests for admission, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Producing Party during discovery in this action.

4. An "**Authorized Recipient**" is any person or entity authorized by this protective order to obtain access to Confidential Information.

5. When interpreting this protective order, the term "and" includes the term "or" and the term "or" includes the term "and."

6. Paragraph headings are for convenience only and in no way limit or enlarge the scope or meaning of this order.

B.   **Purposes and limitations**

Discovery in this Litigation may involve the use, production, and disclosure of Discovery Material containing confidential, financial, proprietary, sensitive, personal, and/or private information for which special protection from public disclosure and from use for any purpose—other than in prosecuting, defending, settling, or otherwise in this Litigation, including any appeals, and/or for enforcing and/or collecting any judgment entered in this Litigation—would be warranted and consistent with the public policy of United States and the State of Nevada. The use, production, and/or disclosure of Protected Material could severely injure or damage the Parties given the sensitive and confidential nature of the information and if accomplished in a manner or means

inconsistent with this Protective Order. Similarly, the use, production, or disclosure of Protected Material involving private information of non-parties could severely injure or damage those non-parties.

Therefore, in the interest of expediting and facilitating discovery, permitting the same to proceed without delay created by possible disputes regarding claims of confidentiality, and balancing the interests of the Parties, this protective order establishes a procedure for producing, disclosing, and using Protected Material without involving the Court unnecessarily in the process; imposes obligations upon all Parties, persons, and non-parties receiving or given access to Protected Material to protect it from unauthorized production, disclosure, and/or use; and establishes a procedure for challenging the use, disclosure, or dissemination of Protected Material.

**C.**     **Protected material**

"**Protected Material**" is any Discovery Material that is designated as "Confidential" or "Restricted – Attorneys' Eyes Only Material," provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this protective order or any other confidentiality agreement or undertaking). Subject to the provisions herein and unless otherwise stated, this protective order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) all pretrial pleadings, exhibits to pleadings and other court filings; (d) all affidavits; and (e) all stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treated as such under this Protective Order.

Any Party may designate for protection under this protective order, in whole or in part, any document, information or other material that constitutes or includes confidential or proprietary information or trade secrets according to the terms below.

1. **Designation of Protected Material**

    a.    "**Confidential Material**." Any Party may, subject to the provisions of this protective order, designate as "CONFIDENTIAL" any Discovery Material that the Party believes in good faith is confidential and where the Party would not normally reveal the information to third parties except in confidence or has undertaken with others to maintain it in confidence ("Confidential Material").

    b.    "**Restricted—Attorneys' Eyes Only**." Any party may, subject to the provisions of this protective order, designate as "RESTRICTED— ATTORNEYS' EYES ONLY" any Discovery Material that meets the requirements for Confidential Material, and that a Producing Party believes in good faith would likely cause competitive, or financial injury if disclosed ("Restricted – Attorneys' Eyes Only Material"). This designation is intended for information that constitutes highly confidential information, including, but not limited to (i) sensitive information about current and former employees, (ii) confidential reports, (iii) ongoing investigations, or (iv) any other Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. **Objection to designations**

If any Party disagrees at any point in the Litigation with any designation made under this protective order, a Party may object to any designation of material as Protected Material. The Parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local Rule 26-6. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from the Court. The Party asserting that Discovery Material should be designated as Protected Material bears the burden of proof to establish that the information is entitled to such protection. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as Confidential Material subject to the provisions of this protective order. For the avoidance of doubt, a Party may object at any time to any designation of material as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

**D.     Use of protected material**

      **1.     Generally**

The Parties, and the law firms appearing as their counsel in this Litigation, may make such use of the Protected Material produced by the Parties or non-parties subject to this protective order as the preparation of this Litigation may reasonably require.  The Parties, and the law firms appearing as their counsel in this Litigation, may not use any Protected Material received from another Party or a non-party for any purposes other than this Litigation.

In addition to any restrictions imposed by the protective order, all Protected Material shall remain subject to any and all restrictions imposed by statute, regulation, agreement, or other legal duty.  Notwithstanding any existing restriction imposed by statute, regulation, agreement, or other legal duty, this protective order shall not further restrict the Party's use/disclosure of Protected Material that was already in a Party's care, custody, and/or control at the commencement of this Litigation or otherwise prior to receiving such Protected Material from the Producing Party.

All Parties or non-parties obtaining, receiving, inspecting, examining or being given access to any Protected Material in accordance with this Protective Order, (i) shall first agree to submit himself or herself to the jurisdiction of this Litigation for purposes of enforcing this Protective Order, and (ii) shall agree to be bound by this Protective Order.

      **2.     Use in depositions**

Any Party shall have the right to use Protected Material during depositions unless otherwise agreed to by the Parties in writing or on the record at the deposition.  Counsel for the affected Party may otherwise request that all individuals not qualified to obtain, receive, or be given access to Protected Material under this protective order, except for the deponent and his or her counsel, leave the deposition session during any portions where Protected Material is used or referred to.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

To the extent that Protected Material is used in a deposition, such material shall remain subject to the provisions of this protective order, including any transcript pages of the deposition testimony and/or trial testimony dealing with, referring to, or referencing the Protected Material.

A Party may designate any portions of the testimony relating to Protected Material as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" on the record of the deposition, or in writing on or before the later of (i) thirty calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that contain Protected Material and are designated for protection in accordance with this section shall be protected by the provisions of this protective order. The entire testimony shall be deemed to have been designated CONFIDENTIAL until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Protected Material except as ordered by the Court or until a Party designates such Discovery Material as Protected Material as otherwise provided herein. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" as instructed by the designating Party. If all or a part of a videotaped deposition is designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," the DVD or any other media on which it is stored, plus any container, shall be so labeled.

E. **Storage and maintenance of protected material**

All Protected Material as provided herein shall not be disclosed to anyone other than those persons identified in Sections D and E of this protective order, and they shall be handled in the manner set forth herein. The Receiving Party, or any non-party who receives or is given access to any Protected Material under this protective order shall:

1. Store and maintain such Protected Material in a secure and safe area and manner within their exclusive possession and control;

2. Exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own Protected Material;

3. Take all measures reasonably necessary to maintain the confidentiality of such information, documents, materials, items, and things; and

4.      Not permit or participate in the unauthorized production, disclosure, or use of such Protected Material.

**F.      Disclosure of protected material**

      **1.      Disclosure of Confidential Material**

Confidential Material may be disclosed by the Receiving Party only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court:

      a.      Retained counsel for the Parties (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel);

      b.      The Parties and their officers, directors, agents, representatives, and employees who are deemed reasonably necessary by counsel for the Parties to aid in the prosecution, defense, or settlement of this Litigation;

      c.      The current and former officers, directors, or employees of each Receiving Party, to the extent that such disclosure is reasonably necessary in connection with the prosecution, defense, or settlement of this Litigation;

      d.      Independent investigators, experts and/or consultants (together with their clerical and secretarial staff) retained by counsel for a Party to assist in the prosecution, defense, or settlement of this Litigation, but only to the extent reasonably necessary to perform their work in connection with this Litigation;

      e.      Clerical and data processing personnel, including third-party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Discovery Material, but only to the extent reasonably necessary to assist a Party or its counsel in this Litigation;

      f.      The Court;

      g.      Court reporters and videographers employed to record depositions or live testimony in this Litigation;

  h. A non-party (and his or her counsel) preparing to appear or appearing at a deposition, hearing, or other proceeding in this Litigation for whom disclosure is reasonably necessary to the preparation or testimony of such witness;

  i. Any other non-party as to whom the Parties in writing agree;

  j. The author, signatory, or prior recipient of the document or the original source of the CONFIDENTIAL information; such person shall be given access only to the specific document or information therein except as otherwise provided herein; and

  k. Any governmental agency or regulating authority to the extent disclosure is required by such governmental agency or regulatory authority or applicable law.

Any non-party to whom Protected Material is disclosed or revealed under this subsection shall be given a copy of this protective order and advised as follows: (i) that the Protected Material is being disclosed under this protective order; (ii) that the Protected Material may not be disclosed or disseminated orally, or by any other means, by such non-party to any other non-party not permitted to have access to the Protected Material under this protective order; (iii) that the Protected Material may not be used except for the purposes of this Litigation as provided in this protective order; (iv) that the Protected Material must remain in the non-party's custody until returned to counsel from whom the Protected Material was received; and (v) that any violation of this Protective Order may result in the imposition of sanctions as the court (if such sanctions are sought after the conclusion of the Litigation) deems proper.

**2. Use of Restricted - Attorneys' Eyes Only Material**

If a Producing Party designates Discovery Material as Restricted—Attorneys' Eyes Only Material, access to and disclosure of such documents shall be limited to those parties identified in Section F(1)(a) and Section F(1)(d)–(k) above, and in-house counsel for the parties, provided that the in-house counsel are assisting outside counsel in the Litigation.

**3. Use of protected material in court filings**

To the extent that any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Protective Order, all Parties shall comply with the requirements of Local Rule IA 10-5 and Local Rule IC 6–1, file

those documents under seal, and with respect to any documents filed under seal, follow the requirements cited in the Ninth Circuit's decision in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006). Unless otherwise permitted by statute, rule, or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal.

**G.     Knowledge of unauthorized use or possession of protected material**

The Receiving Party or its counsel shall immediately notify counsel for the Producing Party in writing if it learns of any unauthorized possession, knowledge, use, or disclosure of any Protected Material in any manner inconsistent with the terms of this protective order. The Receiving Party shall promptly furnish the Producing Party in writing with the full details of such unauthorized possession, knowledge, use, or disclosure. With respect to such unauthorized possession, knowledge, use, or disclosure, the Receiving Party shall assist the Producing Party in preventing its recurrence of and shall cooperate fully with the Producing Party in any litigation to prevent unauthorized use or further dissemination of Protected Material. The Receiving Party: (i) shall further use its best efforts to retrieve all copies of Protected Material obtained by non-parties not authorized to possess, know, or otherwise receive Protected Material under this Protective Order, (ii) shall provide such non-party with a copy of this Protective Order, and (iii) shall notify counsel for the Producing Party of the failure to retrieve any such information (if applicable).

**H.     Privileged material**

Any party withholding Discovery Material on the basis of privilege shall serve opposing counsel with a privileged document log that fully complies with Rule 26(b)(5). In the event that a Party inadvertently produces a document protected by the attorney-client privilege or work-product doctrine, such production shall not itself constitute a waiver of any applicable privilege. Instead, upon written request, the receiving Party shall return to the producing Party any inadvertently produced document with respect to which the producing Party asserts a claim of privilege. The Party will then provide a privilege log for any documents withheld pursuant to a claim of privilege. Any notes or summaries referring or relating to any such privileged information shall be destroyed or sequestered within ten business days.

If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, the common interest privilege, work product protection, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

Nothing in this order shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), and if after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the protection of documents for which a claim of inadvertent disclosure of privileged information has been asserted, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material  (a "Privilege Motion"). Any Privilege Motion concerning disclosed privileged information shall not assert as a ground for granting the motion the fact or circumstance of the production in this Litigation of the Discovery Material claimed to be privileged information.

The Party asserting privilege retains the burden of establishing the privileged or protected nature of any disclosed privileged information. Nothing in this section shall limit the right of any Party to petition the Court for an *in camera* review of the privileged information.

### I.     Copies, summaries, or abstracts

Protected Material shall not be copied, reproduced, summarized, or abstracted, except to the extent that such copying, reproduction, summarization, or abstraction is reasonably necessary for the conduct of this Litigation.  All such copies, reproductions, summarizations, extractions and abstractions shall be subject to the terms of this protective order, and labeled in the same manner as the designated material on which they are based.  Attorney-client communications and attorney work product regarding Protected Material shall not be subject to this section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Protected Material

**J.     Reservation of rights**

The Parties hereby reserve the following rights:

Nothing in this protective order, nor the production or disclosure of any information or documents under the terms of this protective order, nor any proceedings under this protective order, shall be deemed or construed: (i) to have the effect of an admission or a waiver by either Party of the confidentiality or non-confidentiality of any such information or document; (ii) to alter the confidentiality or the non-confidentiality of any such information or document; (iii) to alter any existing or pending obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at any stage of this Litigation.

The entry of this Protective Order shall be without prejudice to the rights of the Parties, or of any non-party, to seek additional or different protection for protected documents or information from the Court (if such protection is sought after the conclusion of the Litigation).

This Protective Order shall neither enlarge nor affect the proper scope of discovery in this Litigation or any other litigation, nor shall this protective order be construed to suggest that protected documents or information subject to this protective order are discoverable, relevant, or admissible in this Litigation or any other litigation.

Nothing contained herein shall prejudice the right of any Party to object to the admissibility of Protected Material subject to this protective order for any reason permissible under applicable state or federal law.

The Parties, by agreeing to this protective order, are not waiving any rights they have to obtain information or materials, in whatever form, through the discovery rules under state or federal law.

**K.     Amendment**

Any Party for good cause shown may apply to the Court for modification of this protective order, or the protective order may be modified by consent of the Parties in writing (subject to approval by the Court).

**L.      Injunctive relief**

Each Party acknowledges that monetary remedies may be inadequate to protect each Party in the Litigation from unauthorized disclosure or use of Protected Material and that injunctive relief may be appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Protected Material, in addition to whatever relief may be available at law or in equity.

**M.      Other actions and proceedings**

If the Receiving Party, or its counsel or expert, is served with a subpoena or other process by any court, administrative, or legislative body, or any other person or organization which calls for production of Protected Material produced by another Party, the Party to whom the subpoena or other process is directed shall, to the extent permitted by applicable law, notify the designating Party in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than five business days after receipt or ten days prior to the deadline for a response, whichever date is earlier. To the extent permitted by applicable law, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  The designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material.  Nothing in this section should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

**N.      Timing**

        **1.      Retroactive**

Upon Court approval, this protective order shall apply retroactively to all prior disclosures.

**2.     Order survives termination**

This protective order shall remain in full force and effect and each Party and non-party subject to this protective order shall continue to be subject to the obligations contained herein even after the conclusion of this Litigation.

**3.     Return or destruction of protected material**

This Litigation shall be deemed finally terminated after both (i) final judgment, and (ii) the completion and exhaustion of all appeals, or the period within which to appeal has expired.  Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within thirty calendar days after the final termination of this Litigation, each Receiving Party shall undertake best efforts to return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material.  In either case, the Receiving Party shall, upon request by the Producing Party and within fourteen days of such party's request, provide the Producing Party with a certification stating that it has taken reasonable efforts to destroy or return the Protected Material, except (i) for such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule, or regulation, and (ii) that information saved on backup media in an electronically-stored format will be certified to have complied with the sixty-day destruction period if the Party has a data-destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically-stored information; provided, however, that these materials will continue to be subject to the terms of this protective order.  Notwithstanding this provision, counsel for the parties may keep a full and complete record of all documents generated as a result of this Litigation, including Discovery Materials that constitute correspondence, handwritten notes, e-mails, deposition and court transcripts and exhibits, attorney work product, and documents filed in this Litigation so long as those documents are kept in a manner consistent with their confidentiality and subject to the terms of this Protective Order.

### O. Compliance with protective order

All counsel of record in this Litigation shall comply with the terms of this Protective Order, and ensure that their clients, and the non-parties receiving or being given access to Protected Material under Section F, similarly comply with the terms. The Parties shall not utilize any portion of Protected Material for their own personal or business advantage or gain, aside from purposes related to this Litigation. In the event of a change in counsel, new counsel shall agree in writing to be bound by and subject to the terms of this Protective Order.

**IT IS SO STIPULATED**.

DATED: January 6, 2022
COOK & KELESIS, LTD.

/s/ Marc P. Cook
Marc P. Cook, Esq. (NV Bar No. 4574)
George P. Kelesis, Esq. (NV Bar No. 069)
Julie L. Sanpei, Esq. (NV Bar No. 5479)
517 South Ninth Street
Las Vegas, NV 89101

*Attorneys for Plaintiff*

DATED: January 6, 2022
SNELL & WILMER L.L.P.

/s/ Richard C. Gordon
Patrick G. Byrne, Esq. (NV Bar No. 7636)
Richard C. Gordon, Esq. (NV Bar No. 9036)
Paul Swenson Prior, Esq. (NV Bar No. 9324)
Christian P. Ogata, Esq. (NV Bar No. 15612)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendants City of Henderson, Richard Derrick, Bristol Ellington, Nicholas Vaskov, and Kristina Gilmore*

DATED: January 6, 2022
CLARK HILL PLLC

/s/ Nicholas M. Wieczorek
    Nicholas M. Wieczorek (NV Bar No. 6170)

*Attorney for Defendants Kevin Abernathy, Richard McCann, and Kenneth Kerby*

### ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ____January 7____, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2022, I electronically filed the foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 6th day of January 2022.

/s/ *Gaylene Kim-Mistrille*
An Employee of Snell & Wilmer L.L.P.

4876-2147-0468