UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Latesha Watson,

        Plaintiff

v.

City of Henderson, et al.,

        Defendants

Case No. 2:20-cv-01761-CDS-CLB

**Order Denying Defendant's Motion for Attorney Fees**

[ECF No. 260]

      This is an employment action brought by plaintiff Latesha Watson against defendants City of Henderson and Kevin Abernathy alleging that they discriminated against her on the basis of her race and sex. City of Henderson moved for summary judgment, and Abernathy moved to dismiss, which I converted to a motion for summary judgment. Mots., ECF No. 229; ECF No. 230. On March 27, 2025, I granted both motions for summary judgment. Order, ECF No. 257. Following my order on the summary judgment motions, Abernathy filed a motion for attorney's fees and costs, which Watson opposes. Mot., ECF No. 260; Opp'n, ECF No. 271.[1] For the reasons herein, Abernathy's motion for attorneys' fees is denied.

I.     **Legal standard**

      Generally, litigants pay their own attorney's fees unless a relevant contract or a statute authorizes such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Title VII of the Civil Rights Act of 196 authorizes a district court the discretion to award attorney fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Stated otherwise, attorneys' fees can be awarded when the court finds "no legal or factual basis" for a civil-rights plaintiff's claims. *Id.* at 420., 420 (1978). "A case

---

[1] This motion is fully briefed. Reply, ECF No. 273.

may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal quotations and citation omitted).

The prevailing defendant "bears the burden of establishing that the fees for which it is asking are in fact incurred solely by the need to defend against those frivolous claims." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 971 (9th Cir. 2011). The Supreme Court imposed this rigorous standard as it relates to prevailing defendants because the "policy considerations [that] support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Christianburg Garment Co.*, 434 U.S. at 412, 418–19 (internal quotations and citation omitted). When deciding a motion for attorneys' fees, the district court first considers whether the claim was meritless at the time the complaint was filed. *Id.* at 421–22.

"In an action involving state law claims, [the court] appl[ies] the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999); *see also Alyeska Pipeline*, 421 U.S. at 259 n.31. Under Nevada law, attorney's fees are not recoverable "unless authorized by statute, rule, or agreement between the parties." *First Interstate Bank of Nevada v. Green*, 694 P.2d 496, 498 (Nev. 1985). As relevant here, a court has discretion to award attorney's fees under Nev. Rev. Stat. (NRS) § 18.010(2)(b) when there is "evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Semenza v Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (quoting *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 464 (Nev. 1993)). "For purposes of NRS 18.010(2)(b), a claim is frivolous or groundless if there is no credible evidence to support it." *Capanna v. Orth*, 432 P.3d 726, 734 (Nev. 2018) (citation omitted).

II.   Discussion

Turning first to the federal standard for finding a claim frivolous. Watson alleged that Abernathy had encouraged union members to file complaints against her, and that he called her a "black bitch" all of which violated 42 U.S.C. § 1981. Second am. compl., ECF No. 223. Abernathy argues that Watson's claims against him were frivolous because Watson's second amended complaint was "substantially identical" to previously dismissed complaints, and Watson's lack of effort to amend the claims demonstrates the frivolous nature of the allegations. ECF No. 260 at 4.

In response, Watson argues that her claims are not frivolous as they were based on "sufficient circumstantial evidence" that Abernathy had participated in a smear campaign against her. ECF No. 271 at 7. Watson surmises that, although the court ultimately decided the evidence was insufficient to allow her to proceed with claims against Abernathy, this does not mean the action was "frivolous, baseless, or groundless." *Id.* at 7–8.

In his reply, Abernathy argues that Watson's claims were frivolous because Watson's own deposition demonstrates there was no "credible evidence" to support these claims. ECF No. 273 at 3. Specifically, Watson was unable to identify anybody who told her that Abernathy was behind the barrage of complaints. *Id.* at 4. Abernathy also argues that Watson "never even attempted to 'recall' who those people were and never presented a single witness to support her smear of Abernathy's role as a peace officer or union president." *Id.* Abernathy further argues that Watson's proposed expert was nothing more than "an extended megaphone for Watson's grievances." *Id.* He also argues that, although Watson acknowledges that Abernathy served in two separate roles, she was never able to differentiate between the actions he took in his role as peace officer and the actions he took as the union president. *Id.* at 4–5.

Abernathy has not met the high burden required to establish that this is one of the "exceptional circumstances" the court should find that Watson's claims were frivolous or meritless. *See Harris*, 631 F.3d at 971 (prevailing defendants should only be awarded fees in

"exceptional circumstances") (internal citation omitted). Although I ultimately found that Abernathy was entitled to summary judgment on all of Watson's claims, that alone is not sufficient to warrant Abernathy attorney's fees. *See Lopez v. UPS Gen. Serv. Corp.*, 2009 U.S. Dist. LEXIS 44408, at *2 (D. Nev. May 26, 2009) ("Although the court agrees the evidence in this case did not support a judgment for plaintiff, it cannot say that plaintiff's claims were groundless or frivolous.")

Addressing first Abernathy's argument that the § 1983 claim in the amended complaint was frivolous because it was "substantially identical" to the § 1981 clam in the previously complaint, while it is true that the claims are identical, it is not entirely clear as to whether that was Watson's intent. As I explained in my order granting summary judgment, although Watson pled a standard § 1981 claim as her § 1983 claim, her response to Abernathy's motion to dismiss seems to indicate that she intended to put forth a § 1981 hostile work environment claim. *See* ECF No. 233 at 17. Abernathy also seems to have been unsure as to what claim Watson was bringing as, in his motion to dismiss, he analyzed this claim as both a standard § 1981 claim and a § 1981 hostile work environment claim. *See* ECF no. 229 at 13–23. Indeed, I find this particular claim in the complaint to be confusingly pled. I also find it frustrating that Watson had opportunities to clarify her claim to the court and did not do so. However, considering the lofty standard set by the Supreme Court in only allowing defendants to receive attorney's fees in "exceptional circumstances" and to comport with the policy goals of avoiding discouraging civil rights plaintiffs to bring suits, I do not find that the re-pleading of an identical claim in this instance rises to the level of frivolous.

Abernathy's arguments that Watson's inability to present evidence differentiating between his actions as peace officer and union president and Watson's inability to identify those who told her Abernathy was behind the complaints are indicia of a frivolous claim are also not persuasive. "An inability to present evidence establishing a genuine dispute of material fact to defeat summary judgment does not necessarily mean that plaintiff's claims were frivolous." *Jessen*

4

*v. Cty. of Fresno*, 2019 U.S. Dist. LEXIS 48305, at *4 (E.D. Cal. Mar. 21, 2019) (collecting cases). The rest of Abernathy's arguments in support of frivolity aim to attack the credibility of her proposed expert, Dominique Day. *See* ECF No. 273 at 3–4. A review of Watson's arguments in response to the Abernathy's motion to dismiss that was construed as a motion for summary judgment demonstrates that she heavily relied on Day's proposed expert report to support her claims. *See generally* ECF No. 233. I held a *Daubert* hearing to determine the reliability and relevancy of Day's proposed testimony but ultimately did not consider Day's testimony when deciding on the motions because I determined that the testimony did not assist the court to resolve the specific issues raised in the summary judgment motions. Despite this, I find that Watson's attempt to use social framework analysis—which is permitted within the Ninth Circuit to help prove discrimination[2]—to provide context to, and explain, some of the factual background in the case illustrates that Watson had a reasonable basis for bringing the suit. Opining on the proposed expert witness's credibility at this juncture would require that I engage in "post hoc reasoning" or "hindsight logic" which is expressly prohibited in a frivolity analysis. *See Christiansburg Garment Co.*, 434 U.S. at 421–22. Because I find that Abernathy has not met his burden to demonstrate that Watson's claims were frivolous, his request for attorney's fees under Title VII is denied.

      Abernathy's request for attorney's fees under Nevada law fares no better. Awarding attorney's fees under NRS 18.010(2)(b), as requested here, requires that I "make specific findings that the litigation was unreasonable or meant to harass," *Fidelis Holdings, LLC v. Crumedy*, 2024 Nev. App. Unpub. LEXIS 652, at *4 (Nev. Ct. App. Dec. 19, 2024); *see Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 726 (Nev. 2009) ("Although a district court has discretion to award attorney fees under N.R.S. 18.010(2)(b), there must be evidence supporting the district court's finding that the claim or defense was unreasonable or brought to harass."). Generally, unreasonableness

---

[2] *Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 601–03, 602 n.22 (9th Cir. 2010), *rev'd on other grounds, Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

"requires extreme conditions or bad faith." *Fidelis Holdings, LLC*, 2024 Nev. App. Unpub. LEXIS 652 at *4. Based on the record before me, I do not find that Watson brought any of her state claims against Abernathy in bad faith, nor with any intention to harass. Therefore, Abernathy's request for attorney's fees under NRS 18010(2)(b) is also denied.[3]

### III.   Conclusion

IT IS THEREFORE ORDERED that Abernathy's motion for attorney's fees [ECF No. 260] is DENIED.

Dated: August 18, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] Because I do not find that Abernathy is entitled to attorney's fees, I do not address whether the proposed fees are reasonable. Additionally, a separate order is forthcoming to address the bill of costs and Watson's objection.