UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LaTesha Watson, | Case No. 2:20-cv-01761-CDS-CLB |
| Plaintiff | **Order Denying Without Prejudice Defendant's Bill of Costs** |
| v. | |
| City of Henderson, et al., | [ECF Nos. 259, 270] |
| Defendants | |

LaTesha Watson sued the City of Henderson, alleging discrimination against her on the basis of her race and sex.[1] After I granted summary judgment in favor of the City of Henderson on all claims, it filed its bill of costs.[2] Bill, ECF No. 261. Watson objects to the City's bill, arguing that the costs are unreasonable and are not accurately apportioned. Obj., ECF No. 270. However, on April 16, 2025, Watson filed a notice of appeal from this court's March 27, 2025 order entering judgment in favor of the City and Abernathy. Notice, ECF No. 262. The Ninth Circuit Court of Appeals has not issued a decision on Watson's appeal. I find that, given the pending appeal, it is inefficient to rule on the defendant's bill of costs until the pending appeal is disposed. The City's bill of costs is denied without prejudice; however, it may refile the bill, if appropriate, within fourteen days of the Ninth Circuit's mandate on Watson's appeal.

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, "but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n of Mexican-Am. Educators v. California*,

---

[1] Defendants Bristol Ellington, Kenneth Kerby, Debra March, Richard Derrick, Richard McCann, Nick Vaskov, and Kristina Gilmore were subsequently removed or dismissed.

[2] I also granted defendant Kevin Abernathy's motion to dismiss. ECF No. 257. Watson does not object to his bill of costs. ECF No. 259.

231 F.3d 572, 591 (9th Cir. 2000)). However, the district court has discretion to defer ruling on a taxation of costs while an appeal on the merits is pending. *See* Fed. R. Civ. P. 54(d) advisory committee notes to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *see also Wealthy, Inc. v. Cornelia*, 2024 U.S. Dist. LEXIS 243250, *3 (D. Nev. Aug. 16, 2024); *Lasic v. Moreno*, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007). "The reasoning of the Advisory Committee's note is applicable to ruling on a bill of costs." *Lasic*, 2007 WL 4180655, at *1.

The Ninth Circuit now has an opportunity to determine whether the City should indeed prevail and therefore recover its costs. Because a ruling from the Ninth Circuit could moot the City's bill of costs, I find that deferring ruling until after the appeal is resolved promotes judicial economy. Therefore, the City of Henderson's bill of costs **[ECF No. 261] is denied without prejudice**. Accordingly, Watson's objection **[ECF No. 270] is denied as moot**. The City may refile the bill, if appropriate, within fourteen days of the Ninth Circuit's mandate on Watson's appeal.

Dated: December 10, 2025

_____
Cristina D. Silva
United States District Judge